UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CARLO VARTINELLI,

      Plaintiff,                                                  Case No. 1:03-cv-323

v                                                                     Hon. Wendell A. Miles

ROBERT S. MOSKALIK, M.D.,
WILLIAM MALATINSKI, M.D.,
JOHN HARTER, R.N., and
CLAIRE HAMMER, R.D.,

      Defendants.

_____/


ORDER ON DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION


      On December 27, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that cross-motions for summary judgment filed by plaintiff and the two remaining defendants (Hammer and Malatinsky) be denied. The defendants have filed objections to the R & R (docket no. 124), to which the plaintiff has responded (docket no. 125)  The court, having reviewed the R & R filed by the United States Magistrate Judge in this action, having reviewed the relevant portions of the file in this case, and having reviewed defendants' objections and plaintiff's response to those objections, concludes that this action must be dismissed for lack of exhaustion.

**Discussion**

The defendants object to the R & R on two issues.  First, they argue that the Magistrate Judge erred in concluding that <u>Bey v. Johnson</u>, 407 F.3d 801 (6th Cir. 2005) and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, do not require dismissal of the complaint despite plaintiff's failure to fully exhaust his administrative remedies as to all defendants and claims.  Second, they argue that the Magistrate Judge erred in concluding that defendant Malatinsky was not entitled to summary judgment despite evidence suggesting his lack of personal involvement in treating plaintiff's alleged food allergies.  Because the court concludes that the Magistrate Judge erred in resolving the first issue, which is dispositive, the court need not consider the second issue.

In her R & R, the Magistrate Judge correctly concluded as follows:  (1) the PLRA requires that a prisoner filing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies, <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983 (2002); (2) <u>Bey v. Johnson</u> recently held that the PLRA's exhaustion requirement mandates "total exhaustion," <u>i.e.</u>, complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims, 407 F.3d at 805-809; and (3) <u>Bey v. Johnson</u> must be applied retroactively in this case.  However, the Magistrate Judge also concluded that because the only claims remaining in this action as of the date <u>Bey v. Johnson</u> was decided were exhausted claims, the total exhaustion rule did not require dismissal of plaintiff's action without prejudice.

It is in reaching this latter conclusion that the Magistrate Judge erred.

In concluding that plaintiff's complaint was not subject to dismissal, the Magistrate Judge was persuaded by the reasoning expressed in an unpublished district court case, Ford v. Rodda, No. 99-10090-BC, 2005 WL 2346881 (E.D. Mich. Sept. 26, 2005). In Ford, the court concluded that an interlocutory order which dismissed some claims without prejudice for failure to exhaust administrative remedies "effectively amend[ed] the complaint so that only exhausted claims remain." 2005 WL 2346881 at *4.  The court further concluded that "[i]t is the amended complaint to which the [total exhaustion] rule must be applied since it, not the original complaint, is the operative legal document in the case." Id.[1]

This court, however, concludes that Ford was wrongly decided.  An order on a dispositive motion is not the equivalent of an amended pleading.  Here, the complaint has not been amended. Cf. Williams v. McLemore, No. 04-2034, 148 Fed. Appx. 342, 2005 Fed. App. 0628N (6th Cir. July 27, 2005) (where district court had already allowed prisoner to amend his complaint, it should have examined the amended pleading for averments pleading exhaustion).

Plaintiff has conceded that when he filed the complaint, he "admittedly alleged claims for which this Court has determined that he had not exhausted his remedies." Response of the Plaintiff in Opposition to Defendants' Objections to the Magistrate Judge's Report and

---

[1] As plaintiff has noted in his response to the defendants' objections, another district court in this circuit has followed Ford's reasoning.  See Iacovone v. Wilkinson, No. 2:03-CV-652, 2005 WL 3299032, *6 (S.D. Ohio).

Recommendation ("Plaintiff's Response") (docket no. 125), at 2. Realizing that the state of his controlling pleading is problematic, plaintiff inserts a footnote into his brief in which he cursorily requests leave to amend his complaint. Plaintiff's Response at 5 n.1 However, Sixth Circuit authority holds that a prisoner may not amend his complaint in order to properly plead exhaustion of administrative remedies. Baxter v. Rose, 305 F.3d 486, 490 (6th Cir. 2002).[2] This court fails to discern any operative distinction between allowing a prisoner plaintiff leave to amend in order to properly plead exhaustion and allowing him leave to amend in order to omit unexhausted claims.

Allowing plaintiff leave to amend would effectively result in the splitting of his claims. However, the Court's decision in Porter suggests that it would not find such "split proceedings" to be consistent with the PLRA's exhaustion requirement. See 534 U.S. 516, 122 S.Ct. at 991 (observing that under Second Circuit view, which the Court rejected, "bifurcation would be normal" and "split proceedings apparently would be in order"). As the Court stated in Porter, "[i]t seems unlikely that Congress, when it included in the PLRA a firm exhaustion requirement, meant to leave the need to exhaust to the pleader's option." Id., 534 U.S. 516, 122 S.Ct. at 991. Permitting "split proceedings" would be inconsistent with the purposes of § 1997e(a), which are

---

[2]In Baxter v. Rose, the court considered the "discrete legal question" of

> whether a prisoner, bringing an action under 42 U.S.C. § 1983 covered by the Prison Litigation Reform Act and failing to allege in his initial complaint that he had first exhausted his administrative remedies, may amend his complaint to allege exhaustion and satisfy the PLRA.

305 F.3d 486, 488 (6th Cir. 2002).

"to reduce the quantity and improve the quality of prisoner suits[.]" Id., 122 S.Ct. at 988.

Plaintiff argues that requiring total exhaustion would not be efficient in this case because the action has already proceeded to the point where resources have been expended in discovery and motion practice. This argument, however, is not persuasive and has been rejected in the habeas context. In Rockwell v. Yukins, 217 F.3d 421 (6th Cir. 2000), the court concluded that even though requiring total exhaustion was an "admittedly inefficient" outcome under the circumstances of that case, requiring dismissal of mixed petitions would "promote overall judicial efficiency and other important values." 217 F.3d at 425. Additionally, Bey v. Johnson holds that because both bodies of exhaustion law (§§ 1997e and 2254) "were created for similar reasons, their exhaustion rules should be interpreted in a similar manner." 407 F.3d at 807-808. There is perhaps even more reason to require total exhaustion in the § 1983 context, where allowing the plaintiff to file an amended complaint which excludes the unexhausted claims is far more likely to result in piecemeal litigation. In the habeas context, the filing of an amended petition which excludes unexhausted claims effectively results in the abandonment of those claims, at least for purposes of federal habeas relief. In contrast, a § 1983 plaintiff who amends his complaint to omit unexhausted claims is likely to simply bring those claims in another action, if at all possible, once he exhausts his administrative remedies.

Finally, plaintiff argues that the defendants should be estopped from raising the issue of exhaustion. However, the language of § 1997e is mandatory. Baxter, 305 F.3d at 489. "District courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant."

5

Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998).  Therefore, even if plaintiff could show the existence of circumstances justifying application of estoppel against the defendants, these principles would not apply to prevent the court from applying the mandatory exhaustion requirement.

Because plaintiff has not exhausted his administrative remedies, dismissal without prejudice is the only proper course.  The Magistrate Judge therefore erred in addressing the merits of plaintiff's claims against defendants Hammer and Malatinsky.

## **Conclusion**

The Magistrate Judge erred in concluding that this action is not subject to dismissal for lack of exhaustion.  This court will therefore enter an order dismissing this action in its entirety without prejudice.

So ordered this 9th day of February, 2006.

     /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge